The Honorable W.D. Moore, Jr. State Senator 1112 Green Street El Dorado, AR 71730
Dear Senator Moore:
This is in response to your request for an opinion regarding the Arkansas Freedom of Information Act (FOIA), which is codified at A.C.A. §§ 25-19-101—107 (Repl. 1992). Your questions will be restated and answered below.
 1. How does an ordinary citizen exercise his right for information from a state agency or constitutional officer under the Freedom of Information Act?
Although you have inquired about requests for "information" under the FOIA, because the act speaks in terms of "public records," I will assume it is these documents to which your question refers. Assuming, therefore, that the records sought are public records subject to disclosure under the FOIA (see A.C.A. §§ 25-19-103(a) and 25-19-105(b)), reference must be made to A.C.A. § 25-19-105
regarding the mechanics of an FOIA request. This provision states, at subsection (a), that:
 Except as otherwise specifically provided by this section or by laws specifically enacted to provide otherwise, all public records shall be open to inspection and copying by any citizen of the State of Arkansas during the regular business hours of the custodian of the records.
The above provision indicates that the request is to be directed to the custodian of the records. The requester should indicate clearly that he is requesting records pursuant to the Arkansas FOIA, although it is not necessary that he explain why he wants the records. While a specific description of the records is not necessary, this office has previously opined that "some reasonable identification of the records sought . . . is an acceptable requirement that may be imposed by an agency." Op. Att'y Gen. 82-122. As noted by J. Watkins in The ArkansasFreedom of Information Act (m m Press, 1988) at 114, "It is, of course, to the requester's advantage to describe as precisely as possible the desired material, for greater specificity will make it easier for the agency to find the records." While a "reasonable fee" may be charged for photocopies, an agency may not charge for time spent by an employee in searching for or retrieving records. See Op. Att'y Gen. 87-481. Section25-19-107 states that "[a]ny citizen denied the rights granted to him by this chapter may appeal immediately from the denial to the Pulaski County Circuit Court or to the circuit court of the residence of the aggrieved party. . . ." The act also mandates that the circuit court set a date to hear and determine the case within seven days. A.C.A. § 25-19-107(b).
 2. Must the citizen appear in person or will the request for information by certified mail be sufficient?
It has been suggested by a recognized authority in this area that requests under the FOIA should, as a practical matter, be made in writing. As stated by Professor Watkins: "[a]ccordingly, written requests should be the rule rather than the exception. A written request also provides a record of the requester's action if litigation becomes necessary." Watkins, supra, at 113. Thus, while a citizen certainly may appear in person to make an FOIA request, there is no prohibition against a written request, and indeed a written request may be advisable.
 3. How much time can elapse before the information must be made available?
As noted previously, Section 25-19-105(e) seems to contemplate that the records will be made available immediately upon request unless the records are in "active use or storage" and thus not available at the time the request is made. If that is the case, the custodian "shall certify this fact in writing to the applicant and set a date and hour within three (3) working days, at which time the record will be available. . . ." A.C.A. §25-19-105(e). "While the FOIA should not be read rigidly to require instaneous [sic] access when a search for the records is necessary, the agency must process the request promptly and, in any event, within three working days. If the requested records are in active use or storage, which will probably be the case with respect to most records, subsection (e) plainly allows three working days for a response." Watkins, supra, at 114.
If personnel or employee evaluation records are involved, Sections 25-19-105(c)(3)(A) and (B) require the custodian of the records, within twenty-four hours of receipt of a request for such records, to use his best efforts to notify the person about whom the records are maintained that such a request has been made. If the individual cannot be contacted in person or by telephone, the custodian must send written notice via overnight mail to the person at his last known address in order to give the subject of the records an opportunity to state any objections he may have to disclosure of the records. Under §25-19-105(c)(3)(B), the custodian, requester, or subject of the records may seek an opinion from the Attorney General, which must be issued within three working days, as to whether the custodian's decision regarding the exempt status of the records is consistent with the FOIA. This procedure is optional, and subsection (c)(3)(C) expressly states that nothing in the statute is to be construed "to prevent the requester or the subject of the records from seeking judicial review of the custodian's decision. . . ."
 4. Must the agency mail the information to the inquirer or will he be requested to appear in person?
Section 25-19-105(a) states that "all public records shall be open to inspection and copying . . . during the regular business hours of the custodian of the records." Under subsection (d), "reasonable comforts and facilities" must be provided for the requester, and, under subsection (e), a specific date must be set for inspection within three working days if the record is "in active use or storage and, therefore, not available at the time a citizen asks to examine it. . . ." These provisions appear to contemplate that the requester will obtain the FOIA records in person. Although the FOIA allows citizens to "inspect and copy" public records, there is no obligation on the part of the agency to provide copies or to make available copying equipment. SeeBlaylock v. Staley, 293 Ark. 26, 732 S.W.2d 152 (1987). In Op. Att'y Gen. 88-161, this office noted that:
 A requirement that requests for records be made in person will insulate the custodian of the record from responding to burdensome requests for records and [making] copies of records[,] tasks which would otherwise be performed by the requestor. However, a requester is equally served in that he has access to actual documents and may select the records he wishes to copy. Requested records could, otherwise, potentially be omitted without the knowledge or consent of the requestor. It should also be noted that the Act would not appear to prevent a custodian of the record from responding to mail and telephone requests for records, or in-person requests made on behalf of third parties.
Accordingly, while there is no affirmative obligation on the part of an agency to mail requested records, it is certainly within the agency's discretion to respond to a request by mail if it so chooses.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sherry L. Daves.
Sincerely,
WINSTON BRYANT Attorney General
SLD:cyh